**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY M. FREDERICK, | No. C 08-2222 MMC (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

On April 29, 2008, plaintiff, a California prisoner incarcerated at the Correctional Training Facility at Soledad ("CTF-Soledad") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.

1  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
2  Constitution or laws of the United States was violated, and (2) that the alleged violation was
3  committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42,
4  48 (1988).

5  B.    Plaintiff's Claims

6  Plaintiff alleges prison officials at CTF-Soledad are denying him the right to
7  participate in a California Department of Corrections and Rehabilitation ("CDCR") fire camp
8  as a "special skills worker," i.e., not a full-duty firefighter, because plaintiff is a non-insulin
9  dependent diabetic.  Although plaintiff's complaint has been filed on a form civil rights
10 complaint for actions brought pursuant to 42 U.S.C. § 1983, he claims the violation of his
11 rights under the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA").
12 He seeks injunctive relief and monetary damages.

13 Title II of the ADA provides that "no qualified individual with a disability shall, by
14 reason of such disability, be excluded from participation in or be denied the benefits of the
15 services, programs, or activities of a public entity, or be subjected to discrimination by any
16 such entity."  42 U.S.C. § 12132.  To state a claim under Title II of the ADA, a plaintiff must
17 allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise
18 qualified to participate in or receive the benefit of some public entity's services, programs, or
19 activities; (3) that he was either excluded from participation in or denied the benefits of the
20 public entity's services, programs or activities, or was otherwise discriminated against by the
21 public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason
22 of the plaintiff's disability.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

23 Although Title II of the ADA does not expressly provide for reasonable
24 accommodations, one of the implementing regulations does: "A public entity shall make
25 reasonable modifications in policies, practices, or procedures when the modifications are
26 necessary to avoid discrimination on the basis of disability, unless the public entity can
27 demonstrate that making the modifications would fundamentally alter the nature of the
28 service, program, or activity."  28 C.F.R. § 35.130(b)(7).

Here, plaintiff's complaint, when liberally construed, states a cognizable claim for relief under Title II of the ADA. Specifically, plaintiff claims: (1) that he is an individual with a disability, i.e. diabetes, (2) he is otherwise qualified to participate in the CDCR's fire camp program, (3) he has been excluded from participating in the fire program, and (4) such exclusion is by reason of his disability. Further, plaintiff claims that the CDCR, by refusing to allow plaintiff to participate in the fire camp program as a special skills worker rather than a full-duty firefighter, has not made reasonable modifications in its policies to avoid discriminating against plaintiff on the basis of his disability.

Plaintiff has named as defendants the CDCR and the individual prison employees who are denying him participation in the fire camp program. The CDCR is a "public entity" under Title II of the ADA and therefore is a proper defendant to plaintiff's claim. See Pennsylvania Dep't of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) (holding state prisons are public entities under Title II). Individuals, however, cannot be sued directly under the ADA. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Accordingly, plaintiff's ADA claim will be dismissed as to the individually-named defendants.

Further, to the extent plaintiff may be attempting to assert a separate claim of a constitutional violation under 42 U.S.C. § 1983 for being denied participation in the fire camp program, plaintiff fails to state such a claim. A prisoner possesses no constitutional right to participate in vocational or rehabilitation programs while in prison. Hoptowit v. Ray, 682 F.2d 1237, 1254-55 (9th Cir. 1982). Additionally, a violation of the ADA does not state a claim for relief under § 1983; "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his] individual capacity to vindicate rights created by Title II of the ADA." Vinson, 288 F.3d at 1156. Accordingly, any asserted § 1983 claim based on plaintiff's exclusion from the fire camp program or the denial of plaintiff's rights under the ADA will be dismissed with prejudice.

Plaintiff claims his First Amendment rights under § 1983 were violated as a result of a failure on the part of prison officials to properly process plaintiff's administrative grievances with respect to his exclusion from the fire camp program. Such allegations fail to state a

3

claim for relief. There is no constitutional right to a prison administrative appeal or grievance system; consequently, a prison official's failure to process grievances is not actionable under § 1983. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding prisoner's claimed loss of liberty interest in processing of administrative appeals does not violate due process because prisoners lack separate constitutional entitlement to specific prison grievance system). Further, while a prisoner retains a First Amendment right to petition the government for redress of grievances as to the constitutional claim underlying an administrative grievance, he possesses no constitutional right to a response to his grievance from prison officials. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (holding prisoner's First Amendment right of access to courts is not compromised by prison's refusal to entertain grievance). Accordingly, plaintiff's First Amendment claim will be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's claims under 42 U.S.C. § 1983 are hereby DISMISSED with prejudice.

2. Plaintiff's ADA claim is hereby DISMISSED with prejudice as to defendants Velma Raso, Russ Pope, P. Taporco and P.G. Dennis. The Clerk shall terminate these defendants from this action on the Court's docket.

3. Plaintiff's ADA claim against the California Department of Corrections and Rehabilitation is cognizable. Consequently, the Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **the California Department of Corrections and Rehabilitation in Sacramento, California.** The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

4. Within **ninety (90)** days of the date this order is filed, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim found to be cognizable above.

4

a. If defendant elects to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied Alameida v. Terhune</u>, 540 U.S. 810 (2003).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant shall so inform the Court prior to the date the summary judgment motion is due.**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant no later than **thirty (30)** days from the date defendant's motion is filed.

a. In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b. In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendant shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely

fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11.  Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

IT IS SO ORDERED.

DATED: September 26, 2008

MAXINE M. CHESNEY
United States District Judge