IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY M. FREDERICK,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Defendant.<br>_____ | No. C 08-2222 MMC (PR)<br><br>**ORDER DENYING LEAVE TO AMEND COMPLAINT; STRIKING AMENDED COMPLAINT**<br><br>**(Docket No. 17)** |

On April 29, 2008, plaintiff, a California prisoner then incarcerated at the Correctional Training Facility at Soledad ("CTF-Soledad")[1] and proceeding pro se, filed the above-titled civil rights action. By order dated September 26, 2008, the Court granted plaintiff's application to proceed in forma pauperis and found the complaint stated cognizable claims for injunctive relief and damages under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"). The Court ordered the complaint served on the California Department of Corrections and Rehabilitation ("CDCR"), a public entity that is a proper defendant to an ADA claim. Further, the Court dismissed from the action all of the prison employees named as individual defendants, for the reason that individuals cannot be sued directly under the ADA. (Order, filed Sep. 26, 2008, at 3:9-15.) The CDCR made an

---

[1] On April 13, 2009, plaintiff informed the Court he currently is incarcerated at the California Mens Colony in San Luis Obispo.

appearance herein on June 16, 2009, and has been ordered to file a dispositive motion by September 2, 2009.

On June 22, 2009, plaintiff filed a motion seeking leave to amend the original complaint to add a claim for the unlawful use of excessive force by CTF-Soledad Correctional Counselor P. Taporco ("Taporco"). Specifically, plaintiff claims that on February 5, 2008, after asking to see his prison file, plaintiff was assaulted by Taporco without cause. Plaintiff states he exhausted his administrative remedies with respect to his claim of excessive force on September 26, 2008, when his final administrative appeal was denied at the Director's level of review. (Amen. Compl. ¶ 10.) As set forth below, however, a plaintiff must exhaust his administrative remedies before, not after, the filing of his complaint.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Specifically, an action brought under § 1983 must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (holding where administrative remedies are not exhausted before prisoner sends complaint to court, complaint will be dismissed even if exhaustion is completed by time complaint is actually filed). Further, when a prisoner files a complaint that contains both exhausted and unexhausted claims, the district court may properly dismiss the unexhausted claims and allow the prisoner to proceed only with the exhausted claims. See Jones v. Bock, 549 U.S. 199, 222-24 (2007) (rejecting "total exhaustion-dismissal" rule); Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).

Here, plaintiff did not exhaust his administrative remedies with respect to his excessive force claim before filing the instant action. Consequently, plaintiff cannot proceed with his excessive force claim in the instant action. Accordingly, leave to amend the original

2

1  complaint to add an excessive force claim is hereby DENIED and the amended complaint is
2  STRICKEN.  If plaintiff wishes to pursue his excessive force claim against Taporco, he may
3  file a separate action asserting such claim.
4      This order terminates Docket No. 17.
5      IT IS SO ORDERED.
6  DATED: July 9, 2009

7                                    _____
                                     MAXINE M. CHESNEY
                                     United States District Judge