IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY M. FREDERICK, ) | No. C 08-2222 MMC (PR) |
| Plaintiff, ) | **ORDER ADDRESSING PLAINTIFF'S PENDING MOTIONS; GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |
| v. ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, ) | |
| Defendant. ) | **(Docket Nos. 19, 20, 40, 43, 52)** |

On April 29, 2008, plaintiff, a California prisoner then incarcerated at the Correctional Training Facility at Soledad ("CTF-Soledad")[1] and proceeding pro se, filed the above-titled civil rights action. Thereafter, the Court granted plaintiff's application to proceed in forma pauperis and found the complaint stated cognizable claims for injunctive relief and damages under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"). The Court ordered the complaint served on the California Department of Corrections and Rehabilitation ("CDCR"), a public entity that is a proper defendant to an ADA claim. Further, the Court dismissed from the action all of the prison employees named as individual defendants, for the reason that individuals cannot be sued directly under the ADA. (Order of Service, filed Sept. 26, 2008 (Docket No. 4) at 3:9-15.)

---

[1]Plaintiff currently is incarcerated at the Sierra Conservation Center in Jamestown.

On June 22, 2009, plaintiff filed a motion by which he sought leave to amend the original complaint. The Court construed the filing as a request to add a claim for damages based on an allegation of the unlawful use of excessive force by CTF-Soledad Correctional Counselor P. Taporco ("Taporco"). By order filed July 9, 2009, the Court denied plaintiff's motion on the ground that plaintiff had not exhausted his administrative remedies with respect to the claim against Taporco prior to filing the instant action, as is required under 42 U.S.C. § 1997e(a). (Docket No. 21 at 2:26-3:3.) See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (holding action brought under § 1983 must be dismissed unless prisoner exhausted available administrative remedies before filing suit, even if claims are fully exhausted while suit is pending). Subsequently, plaintiff filed a notice of appeal with the Ninth Circuit, objecting to the Court's ruling denying him leave to amend. By order filed September 18, 2009, the Ninth Circuit dismissed the appeal for lack of jurisdiction because the order denying leave to amend is not a final or appealable order. (Docket No. 33.)

1. Motion for Leave to File Motion for Reconsideration

Now before the Court is plaintiff's motion for leave to file, pursuant to Civil Local Rule 7-9(a), a motion for reconsideration of the Court's July 9, 2009 order denying leave to amend the complaint. (Docket No. 40.) In his declaration filed in support of his Rule 7-9(a) motion, plaintiff states that the Court misunderstood his earlier motion for leave to amend the complaint when it construed his argument as one to add an excessive force claim against Taporco. Rather, plaintiff asserts he was merely trying to add additional information to his complaint to include a claim for damages against Taporco for having discriminated against plaintiff under the ADA.

The Court finds plaintiff's argument unpersuasive. First, plaintiff's proposed amended complaint specifically set forth, in addition to the ADA claim previously found cognizable by the Court, a claim that Taporco violated plaintiff's Eighth Amendment rights by inflicting physical harm on plaintiff and causing him to suffer emotional distress. (Docket No. 16 at 6-8.) Second, as noted above, the Court expressly informed plaintiff in the Court's September 26, 2008 Order of Service that individual defendants cannot be sued directly

2

under the ADA. (See Docket No. 4 at 3:9-15.) Consequently, whether, as the Court understood, plaintiff was seeking to add an excessive force claim or, as plaintiff now asserts, he was seeking to add a new claim for damages against Taporco under the ADA, leave to amend was not warranted. Accordingly, plaintiff's motion for leave to file a Rule 7-9(a) motion for reconsideration will be denied, as will plaintiff's motion for leave to submit exhibits in support of his motion for reconsideration. (Docket No. 43.)

2. Motion for Extension of Time

On December 3, 2009, the CDCR filed a motion for summary judgment. (Docket No. 47.) Plaintiff has filed a motion for an extension of time to file opposition thereto. (Docket No. 52.) Good cause appearing, plaintiff's motion will be granted. Plaintiff shall file his opposition on or before February 15, 2010. Defendant shall file a reply within **twenty (20)** days of the date the opposition is filed.

3. Motion for Leave to File Additional Exhibits to Complaint

Also before the Court is a motion by which plaintiff seeks leave to file additional exhibits to supplement the allegations in his complaint. (Docket No. 19.) The motion will be denied as moot, for the reason that plaintiff may submit such exhibits in support of his opposition to defendant's motion for summary judgment without first including them in his complaint.

4. Motion for Appointment of Counsel

Plaintiff has filed a motion requesting the appointment of counsel to represent him in this action. (Docket No. 20.) There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of (1) the likelihood of the plaintiff's success on the merits, and (2) the plaintiff's ability to

articulate his claims pro se in light of the complexity of the legal issues involved. See Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). To date, plaintiff has been able to present his claims in an adequate manner and there are no exceptional circumstances warranting appointment of counsel at this time. Should the circumstances of the case materially change, the Court may reconsider plaintiff's request sua sponte. Accordingly, plaintiff's motion for the appointment of counsel will be denied.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motions to file a motion for reconsideration and to submit exhibits in support thereof are hereby DENIED. (Docket Nos. 40 & 43.)

2. Plaintiff's motion for an extension of time to file opposition to defendant's motion for summary judgment is hereby GRANTED, as set forth above. (Docket No. 52.)

3. Plaintiff's motion for leave to file additional exhibits to supplement his complaint is hereby DENIED. (Docket No. 19.)

4. Plaintiff's motion for the appointment of counsel is hereby DENIED. (Docket No. 20.)

This order terminates Docket Nos. 19, 20, 40, 43 and 52.

IT IS SO ORDERED.

DATED: January 14, 2010

MAXINE M. CHESNEY
United States District Judge

4