**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY M. FREDERICK, ) | No. C 08-2222 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER DENYING IN PART AND RESERVING IN PART RULING ON PLAINTIFF'S MOTION TO COMPEL; DENYING PLAINTIFF'S MOTION FOR SANCTIONS; DENYING PLAINTIFF'S REQUEST FOR COUNSEL; STAYING CROSS-MOTIONS FOR SUMMARY JUDGMENT** |
| ) | |
| v. ) | |
| ) | |
| CALIFORNIA DEPARTMENT ) | |
| OF CORRECTIONS AND ) | |
| REHABILITATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | **(Docket Nos. 89, 90, 101)** |

On April 29, 2008, plaintiff, a California prisoner then incarcerated at the Correctional Training Facility at Soledad ("CTF") and proceeding pro se, filed the above-titled civil rights action.[1] Thereafter, the Court found the complaint stated cognizable claims for injunctive relief and damages under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"), and ordered the complaint served on the California Department of Corrections and Rehabilitation ("CDCR"). The Court subsequently denied CDCR's motion for summary judgment and referred the matter to Magistrate Judge Nandor Vadas for settlement proceedings, which proceedings took place on March 22, 2011. The parties did not reach a settlement agreement.

---

[1] Plaintiff currently is incarcerated at the Sierra Conservation Center, in Jamestown, California.

On March 4, 2011, plaintiff filed a motion for summary judgment. On March 25, 2011, defendant filed a notice of intent to file a cross-motion for summary judgment. By order filed April 1, 2011, the Court set a briefing schedule for defendant's cross-motion for summary judgment.

Now pending before the Court are plaintiff's motion to compel discovery, motion for sanctions, and renewed request for appointment of counsel.

**DISCUSSION**

A.  Background

At issue in this case are plaintiff's allegations that he was denied the right to participate in CDCR's firecamp program because of a medical disability, specifically diabetes, and that CDCR failed to accommodate plaintiff's disability by allowing him to participate in the firecamp program as a special-skills worker rather than as a firefighter. Specifically, plaintiff alleges that despite his having received medical clearance for firecamp placement as a special-skills worker, CTF employees, including P. Taporco ("Taporco") and R. Pope ("Pope"), denied his transfer to a firecamp program. (Compl. at ¶¶ 8-10.) In its September 22, 2010 order denying defendant's motion for summary judgment, the Court found plaintiff had presented sufficient evidence to raise a triable issue as to whether CDCR violated his rights under the ADA and also found plaintiff could pursue a claim against defendant for monetary damages. (Docket No. 80.)

B.  Motion to Compel

After the Court issued its order of service, plaintiff served defendant with a request to produce the complete prison personnel records of Taporco and Pope. (Plaintiff's Decl. Supp. Mot. To Compel ("Pl. Decl.") ¶ 2, Ex. A.) On July 14, 2010, the Court granted defendant's motion to stay discovery pending its ruling on defendant's initial motion for summary judgment. (Docket No. 78.) In its September 22, 2010 order denying summary judgment, the Court lifted the stay and directed defendant to respond to any outstanding discovery requests within thirty days. (Docket No. 80.) It appears that the parties thereafter proceeded to exchange meet and confer letters, in which defendant refused to produce the personnel

2

1  records. (Pl. Decl., Ex. B.) Specifically, defendant asserted that such documents were
2  irrelevant to plaintiff's claims, that the request was overbroad, and that production would
3  threaten prison safety and security as well as violate privacy rights. (Id.)

4      Generally, parties may obtain discovery regarding any matter, not privileged, that is
5  "relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant
6  information need not be admissible at the trial if the discovery appears reasonably calculated
7  to lead to the discovery of admissible evidence." Id. Discovery may be further limited by
8  court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be
9  obtained from some other source that is more convenient, less burdensome, or less expensive;
10 (ii) the party seeking discovery has had ample opportunity to obtain the information by
11 discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its
12 likely benefit . . . ." Fed. R. Civ. P. 26(b)(2)(C).

13     Here, plaintiff argues the personnel records are relevant to his claim of deliberate
14 indifference (see Pl. Decl. ¶ 6), specifically, that Taporco, despite being presented with
15 evidence of such clearance, never investigated plaintiff's claim that he had clearance to go to
16 firecamp as a special-skills worker (Pl. Decl. Ex. A). Plaintiff argues that disciplinary and
17 misconduct reports contained in Taporco's personnel records may uncover other instances of
18 Taporco's failure to investigate a request for an accommodation. (Id.) Regarding Pope,
19 plaintiff argues that Pope claimed to work in the firecamp program in the past. (Id.; Compl. ¶
20 9.) Accordingly, plaintiff seeks Pope's personnel records to ascertain the scope of Pope's
21 previous work at firecamps, including what role the ADA played in such work. (See Pl.
22 Decl. Ex. A.)[2] In response, defendant has asserted lack of relevance, and, in addition, a
23 privacy privilege and the official information privilege.

24     The Court finds at least some portion of the personnel records is relevant to plaintiff's
25 claim, i.e., that it is "reasonably calculated to lead to the discovery of admissible evidence."

---

[2]As a preliminary matter, defendant states there are no records of Pope's training in the personnel file. (Def. Opp. Mot. To Compel at 3.) If there are no responsive documents, defendant need only certify the fact that it is aware of no such documents.

3

Fed. R. Civ. P. 26(b)(1). As noted in the Court's order denying summary judgment, damages are available under Title II of the ADA upon a showing of deliberate indifference by the public entity. See Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998); Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Duvall, 260 F.3d at 1139. To satisfy the first requirement for a showing of deliberate indifference, a plaintiff must identify a specific, reasonable and necessary accommodation that the public entity has failed to provide, and must have notified the public entity of the need for accommodation. Duvall, 260 F.3d at 1139. The second element of deliberate indifference requires a showing that the entity deliberately failed to fulfill its duty to act in response to the request for accommodation. Duvall, 260 F.3d at 1139-40. Whether Taporco has a recorded history of failing to investigate other inmate requests for accommodation may lead to discovery of evidence that Taporco acted with the knowledge that a violation of plaintiff's federal rights was substantially likely. Similarly, whether Pope had previous firecamp work that exposed him to the scope of the ADA's requirements may lead to discovery of evidence that Pope also knowingly failed to act on a likely violation of plaintiff's rights.

The Court agrees, however, that the request for Taporco and Pope's entire personnel files is overbroad. (See Def. Opp. Mot. To Compel ("Def. Opp.") at 2-3.) Plaintiff's deliberate indifference claim presents two straightforward questions. First, did CTF employees know that a harm to plaintiff's ADA rights was substantially likely? Second, did those employees fail to act upon that likelihood? Plaintiff's discovery requests need to be tailored to relate to these specific issues. Accordingly, the Court finds the only potentially discoverable portions of the personnel records are (1) records showing other instances of Taporco's alleged failure to investigate accommodation requests; and (2) records of Pope's previous firecamp work.

Irrespective of whether the documents sought are relevant, however, the court may limit discovery to protect persons from annoyance and embarrassment. See Fed. R. Civ. P.

4

26(c). Annoyance and embarrassment are significant concerns here because a document showing Taporco's past response to a claim for disability accommodation or other accommodation very likely will contain information about another inmate's medical needs or other special needs, such as a need for religious accommodations. Any such disclosure raises serious concerns about the non-party inmate's private information. Cf. Whalen v. Roe, 429 U.S. 589, 599-600 (1977) (recognizing a limited privacy interest in the confidentiality of one's medical records, deriving implicitly from Constitution). Indeed, disclosure of the existence of another inmate's ADA grievance likely would be the beginning rather than the end of the inquiry into his medical records and information. Further, there may well be an alternative means for plaintiff to obtain at least some of the information sought, for example, the use of interrogatories to ask defendant about inmate grievances against Taporco concerning accommodation requests, the subject matter of those grievances, and the resolution of those grievances. A response to such inquiry appears to be possible without defendant's disclosing the name of the inmate involved in the grievance and without providing information so specific that the inmate's identity can be determined.

Accordingly, the motion to compel will be denied to the extent it seeks production of records showing Taporco's alleged failure to investigate accommodation requests.

The second category of documents, records of Pope's previous firecamp work, does not raise similar non-party inmate privacy concerns. As noted, however, defendant has asserted the official information privilege. (Def. Opp. at 4.) In support thereof, defendant has produced a declaration by Everett Fischer, Special Assistant to the Assistant Secretary of CDCR, attesting to the following: (1) officer personnel files are considered confidential by CDCR; (2) personnel disciplinary documents, like other portions of personnel files, are considered confidential by CDCR; (3) if this information were disclosed, it could be used by inmates, parolees, or others to threaten staff in a way that could compromise their ability to work as effective correctional professionals; and (4) the disclosure of this information could also be used to undermine officials' authority and to manipulate them. (Roost Decl. Supp. Opp. Mot. To Compel, Ex. C.)

5

The Court first notes that these concerns primarily relate to disclosure of Taporco's disciplinary documents, which defendant is not required to produce as discussed above. The Court also notes that any harassment potential arising from the disclosure of Pope's personnel records is minimal now that plaintiff is no longer housed at CTF. It does appear, however, that defendant has met its threshold burden for invoking the official information privilege with regard to personnel records. See Kelly v. City of San Jose, 114 F.R.D. 653, 670 (N.D. Cal. 1987) (holding party invoking official information privilege in response to request for production of documents must meet threshold burden for invoking privilege by submitting declaration from responsible official within agency who has personal knowledge of principal matters attested to therein).

Federal common law recognizes a qualified privilege for official information. See Kerr v. United States Dist. Ct. for N.D. Cal., 511 F.2d 192, 198 (9th Cir. 1975). To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages; if the latter is greater, the privilege bars discovery. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990). If the party invoking the privilege meets the threshold requirements for its invocation, the court may order an in camera review and offer the party the opportunity to submit briefing and additional supporting material, and the party opposing invocation of the privilege will be offered the opportunity to reply thereto. Kelly, 114 F.R.D. at 671.

Accordingly, defendant will be directed to file under seal for in camera review, no later than July 11, 2011, all documents relating to Pope's previous firecamp work. Concurrently, defendant may file with the Court and serve on plaintiff a proposed protective order, see Fed. R. Civ. P. 26(c), and any additional supporting material. Within fifteen days of defendant's filing, plaintiff may file with the Court and serve on defendant a response thereto. If defendant has no documents responsive to this order, it must file and serve a notice to that effect by the production deadline.

Lastly, defendant asserts that the requested personnel files are protected by the privacy privilege insofar as they contain personal information such as tax and health benefits

information. (Def. Opp. at 4-5.) Defendant does not explain why such concerns could not be addressed by simple redaction and it does not appear that the parties have made a good faith effort to meet and confer on this issue. In any event, defendant may raise the issue again at the time it submits the above-specified documents to the Court.

C.  Motion for Sanctions

Along with his motion to compel, plaintiff has filed a motion for sanctions, on the ground defendant improperly refused to produce the requested personnel records. (Docket No. 90.) As the Court has found defendant has met the threshold requirements for proper invocation of privilege, the motion for sanctions will be denied.

D.  Motion for Appointment of Counsel

Plaintiff has filed a renewed motion for appointment of counsel. By prior order, plaintiff's earlier request was denied. For the reasons stated in that prior order, plaintiff's present motion for appointment of counsel will be denied. (Docket No. 101.) If the Court finds appointment of counsel is warranted, it will seek volunteer counsel to represent plaintiff.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

Plaintiff's motion to compel discovery is hereby DENIED IN PART and ruling is RESERVED IN PART (Docket No. 89) as follows:

1. To the extent plaintiff seeks to compel production of Taporco's personnel file, the motion is DENIED.

2. To the extent plaintiff seeks to compel production of Pope's personnel file, defendant is ORDERED to file under seal for in camera review, **no later than July 11, 2011**, all documents relating to Pope's previous firecamp work; concurrently, defendant shall file with the Court and serve on plaintiff any proposed protective order and/or further briefing. **No later than fifteen days after defendant's filing**, plaintiff shall file with the Court and serve on defendant any response thereto. If defendant has no documents responsive to this order, it must file and serve, by the production deadline, a declaration to that effect.

7

3. Plaintiff's motion for sanctions is hereby DENIED.  (Docket No. 90.)

4. Plaintiff's renewed motion for the appointment of counsel is hereby DENIED.  (Docket No. 101.)

5. All further proceedings with respect to the cross-motions for summary judgment are hereby STAYED until the Court has ruled on the disclosure of the requested personnel files.  The Court will issue a revised briefing schedule following such ruling.

This order terminates Docket Nos. 90 and 101.

IT IS SO ORDERED.

DATED: May 18, 2011

_____
MAXINE M. CHESNEY
United States District Judge