IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY M. FREDERICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CALIFORNIA DEPARTMENT ) <br> OF CORRECTIONS AND ) <br> REHABILITATION, ) <br> ) <br> Defendant. ) <br> _____ ) | No. C 08-2222 MMC (PR) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; SETTING SCHEDULE FOR CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> **(Docket No. 89)** |

On April 29, 2008, plaintiff, a California prisoner then incarcerated at the Correctional Training Facility at Soledad ("CTF") and proceeding pro se, filed the above-titled civil rights action.[1] Thereafter, the Court found the complaint stated cognizable claims for injunctive relief and damages under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. ("ADA"), and ordered the complaint served on the California Department of Corrections and Rehabilitation ("CDCR"). The Court subsequently denied CDCR's motion for summary judgment and referred the matter to Magistrate Judge Nandor Vadas for settlement proceedings, which proceedings took place on March 22, 2011. The parties did not reach a settlement agreement.

---

[1] Plaintiff currently is incarcerated at the Oak Glen Conservation Camp, in Yucaipa, California.

On March 4, 2011, plaintiff filed a motion for summary judgment. On March 25, 2011, defendant filed a notice of intent to file a cross-motion for summary judgment. By order filed April 1, 2011, the Court set a briefing schedule for defendant's cross-motion for summary judgment. Thereafter, the Court subsequently stayed briefing on the summary judgment motions, pending ruling on plaintiff's motion to compel. Specifically, by order filed May 18, 2011 the Court denied in part and reserved ruling in part on a motion whereby plaintiff sought to compel production of the complete personnel records of two CTF employees, P. Taporco ("Taporco") and R. Pope ("Pope"). The Court denied the motion to the extent it sought any of Taporco's personnel records. With respect to Pope, the Court denied the motion as to all documents other than those relating to Pope's previous firecamp work,[2] and directed defendant to file under seal for in camera review all documents related to Pope's previous firecamp work. In the event defendant had no such documents, defendant was to file a declaration so stating.

On July 11, 2011, defendant filed the Declaration of Michelle Wilson ("Wilson"), CDCR's Staff Services Manager employed at CTF; Wilson states therein that she has reviewed Pope's personnel file, and that such review shows Pope has never worked in a firecamp. Accordingly, it appears there are no documents responsive to that portion of plaintiff's discovery request, and the deferred portion of plaintiff's motion to compel is hereby DENIED.

In light of the above, the Court SETS the following briefing schedule:

1. No later than October 7, 2011, defendant shall file an opposition to plaintiff's motion for summary judgment. Plaintiff's reply shall be filed no later than November 7,

---

[2] At issue in this case are plaintiff's allegations that, because of a medical disability, he was not allowed to participate in CDCR's firecamp program. Plaintiff alleges that despite his having received medical clearance for firecamp placement as a special-skills worker, Taporco and Pope denied his transfer to a firecamp program. Plaintiff represented to the Court that Pope had claimed to work in the firecamp program in the past. The Court found that any previous firecamp work by which Pope was exposed to the scope of the ADA's requirements could lead to discovery of evidence that Pope knowingly failed to act on a likely violation of plaintiff's rights. See Duvall v. County of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (holding damages available under Title II of ADA where defendant knowingly fails to act where harm to a "federally protected right is substantially likely").

2

2011.

    2. No later than October 7, 2011, defendant shall file a cross-motion for summary judgment. Plaintiff's opposition shall be filed no later than November 7, 2011. Defendant <u>shall</u> file a reply to plaintiff's opposition no later than November 25, 2011.

    This order terminates Docket No. 89.

    IT IS SO ORDERED.

DATED: August 1, 2011

                                                MAXINE M. CHESNEY
                                                United States District Judge