1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10    JERRY M. FREDERICK,                    )    No. C 08-2222 MMC (PR)
                                             )
11              Plaintiff,                   )    **ORDER DENYING PLAINTIFF'S**
                                             )    **MOTION FOR LEAVE TO FILE**
12         v.                                )    **SUPPLEMENTAL PLEADING;**
                                             )    **DIRECTION TO CLERK**
13    CALIFORNIA DEPARTMENT OF               )
      CORRECTIONS AND                        )    **(Docket No. 165)**
      REHABILITATION,                        )
14                                           )
                Defendant.                   )
15    _____     )

16         On April 29, 2008, plaintiff, a California prisoner then incarcerated at the Correctional

17    Training Facility at Soledad ("CTF")[1] and proceeding pro se, filed the above-titled civil

18    rights action, alleging he was denied the right to participate in the California Department of

19    Corrections and Rehabilitation ("CDCR") firecamp program because of medical disability,

20    specifically diabetes, and that the CDCR failed to accommodate his disability. The Court

21    found plaintiff had stated cognizable claims under Title II of the Americans with Disabilities

22    Act of 1990, 42 U.S.C. § 12101 ("ADA"), and ordered the complaint served on CDCR.

23         On September 22, 2010, the Court denied defendant's first motion for summary

24    judgment and referred the matter to Magistrate Judge Nandor Vadas for settlement

25    proceedings under the Northern District's Pro Se Prisoner Mediation Program. The parties

26    were unable to reach a settlement agreement.

27    _____

28         [1] Plaintiff has been paroled and currently resides in Gardena, California.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Thereafter, plaintiff filed a motion for summary judgment, and defendant filed a cross-

2  motion for summary judgment.  On March 30, 2012, the Court denied both motions, and on

3  April 25, 2012, the Court again referred the matter to Magistrate Judge Vadas for settlement

4  proceedings.  A date has not yet been set for those proceedings.

5    Now before the Court is plaintiff's motion for leave to amend the complaint pursuant

6  to Rule 15 of the Federal Rules of Civil Procedure.

7                                    **DISCUSSION**

8    Plaintiff filed his complaint on April 29, 2008.  The sole issue presented by the

9  complaint is whether plaintiff's rights under the ADA were violated when he was denied

10  firecamp placement in September 2007 at a hearing before CTF's Unit Classification

11  Committee. Plaintiff now seeks to amend his complaint to allege ongoing discrimination

12  from May 20, 2009 to November 5, 2009.  (Pl. Mot. to Amend at 1.)[2]

13    The Court first decides whether plaintiff's request is more appropriately considered a

14  Rule 15(a) motion for leave to amend or a Rule 15(d) motion for leave to file a supplemental

15  pleading.  Amended pleadings under Rule 15(a) "relate to matters that occurred prior to the

16  filing of the original pleading, and entirely replace the earlier pleading."  6A Charles Alan

17  Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1504 (3d. ed.

18  1998).  In contrast, supplemental pleadings under Rule 15(d) "deal with events subsequent to

19  the pleading to be altered and represent additions to or continuations of the earlier

20  pleadings."  Id.  Rule 15(d) enables plaintiffs to "introduce[] a cause of action not alleged in

21  the original complaint and not in existence when the original complaint was filed."  Cabrera

22  v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) (internal quotation and citation

23

24    [2] On April 2, 2009, plaintiff was transferred from CTF to the California Men's Colony
   ("CMC"), which offered a single firecamp.  (Decl. D. Ramirez Supp. Def.'s Mot. Summ. J. II
25  Ex. A; Decl. J. Simmons Supp. Def.'s Mot. Summ. J. II ¶ 2.)  Plaintiff was not moved to the
   firecamp at CMC, due primarily to limited openings.  (Pl. Decl. Supp. Opp'n Mot. Summ. J.
26  II Ex. F.)  On November 5, 2009 plaintiff arrived at Sierra Conservation Center ("SCC"), and
   in May 2010, was transferred to a firecamp at SCC.  (Decl. D. Ramirez Supp. Def.'s Mot.
27  Summ. J. II Ex. A.)

28

                                          2

omitted).  As shown above, plaintiff seeks leave to allege discrimination occurring after the filing of the original complaint.  Consequently, plaintiff's request will be construed as a motion for leave to file a supplemental pleading pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.

A.   Legal Standard

Rule 15(d) allows a party to supplement pleadings "upon reasonable notice and upon such terms as are just" for the purpose of alleging"transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  Fed. R. Civ. P. 15(d); Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997).  "While a party may freely offer an amendment at any time before a responsive pleading is served, supplements always require leave of the court."  United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002).  "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings."  Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).

The standards for granting a motion for leave to file a supplemental pleading are the same as those for granting a motion to file an amended complaint under Rule 15(a).  See Glatt v. Chicago Park Dist., 87 F.3d 190, 194 (7th Cir. 1996).  "[L]eave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay."  Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989).  The court should also consider whether permitting the supplemental pleading will "serve to promote judicial efficiency."  Neely, 130 F.3d at 402.

B.   Analysis

As noted above, on April 29, 2008, plaintiff filed the original complaint in this action, alleging discrimination occurring in September 2007.  As also noted above, plaintiff, by way of the instant motion, seeks to allege later instances of discrimination occurring between May 20, 2009 and November 5, 2009.  Plaintiff did not file the instant motion, however, until nearly three years after said later instances of discrimination are alleged to have occurred.

United States District Court
For the Northern District of California

1  Plaintiff provides no justification for his failure to seek leave to supplement earlier, and the

2  Court finds the proposed supplementation would result in undue delay.  See Parker v. Joe

3  Lujan Enters., Inc., 848 F.2d 118, 121 (9th Cir. 1988) (finding undue delay where motion to

4  amend was filed approximately 11 months after original complaint).

5  Further, the Court has already ruled on three dispositive motions in this action and has

6  twice referred the case for settlement proceedings.  Permitting plaintiff to file a supplemental

7  pleading at this late stage of the litigation would not "serve to promote judicial efficiency, the

8  goal of Rule 15(d)."  Neely, 130 F.3d at 402.

9  Finally, granting leave to permit a supplemental pleading would result in prejudice to

10  the opposing party.  See Parker, 848 F.2d at 121.  Specifically, defendant would have to

11  respond to a new set of claims, likely requiring additional discovery, after having already

12  completed plaintiff's deposition, prepared two dispositive motions and responded to a third,

13  and participated in the above-referenced settlement proceedings.

**CONCLUSION**

14  For the foregoing reasons, plaintiff's motion for leave to file a supplemental pleading

15  is hereby DENIED.

16  The Clerk is directed to serve Magistrate Judge Vadas with a copy of this order so that

17  Judge Vadas may coordinate a time and place for further settlement proceedings pursuant to

18  the Court's April 25, 2012 referral order.

19  This order terminates Docket No. 165.

20  IT IS SO ORDERED.

21  DATED: June 8, 2012

MAXINE M. CHESNEY
United States District Judge